## McCASKEY REGISTER CO. v. MANTZ

### (Circuit Court of Appeals, Second Circuit. May 12, 1915.)

### No. 264.

1. PATENTS ⬸328—VALIDITY AND INFRINGEMENT—CREDIT ACCOUNTING APPLIANCE.

   The McCaskey patent, No. 783,126, for a credit accounting appliance, is a narrow one, and must be strictly construed. Claims 12, 13, and 22, as so construed, *held* not infringed, and claim 23 void for anticipation.

2. PATENTS ⬸246—INFRINGEMENT—OMISSION OF ELEMENT OF COMBINATION.

   Where there is nothing of a pioneer character in a patentee's device, a claim which calls for two elements cannot be infringed by a device which employs one only.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 387; Dec. Dig. ⬸246.]

3. PATENTS ⬸240—SCOPE OF IMPROVEMENT PATENT—PRIOR ART.

   While an inventor may improve on the disclosure of his earlier patent, and patent his improvements, he cannot give such improvements greater scope than they would have had, if he had improved another man's patented disclosure.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 379; Dec. Dig. ⬸240.]

Appeal from the District Court of the United States for the Northern District of New York.

This cause comes here on appeal from a decree dismissing the bill in a suit for alleged infringement of patent. The patent is No. 783,126, granted February 21, 1905, upon application filed April 27, 1904, for "credit accounting appliance." The opinion of Judge Ray, who held the patent valid, but not infringed, is found in 217 Fed. 415. The same patent was before Judge Orr in the Western district of Pennsylvania; he held the patent void. McCaskey v. Divens (C. C.) 181 Fed. 171. Upon appeal the Court of Appeals, Third Circuit, held that the patent was a very narrow one, and that, if it were sustained, it must be narrowly construed, with no broad range of equivalents. McCaskey v. Divens, 194 Fed. 967, 114 C. C. A. 603.

Charles B. Mason, of Utica, N. Y. (Harry Frease, of Canton, Ohio, of counsel), for appellant.

Miner G. Norton, of Cleveland, Ohio, for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

---

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LACOMBE, Circuit Judge. [1] In prior patents, No. 560,523, May 16, 1896, and No. 717,247, December 30, 1902, McCaskey had described a method of keeping the accounts of small tradesmen with their customers by means of duplicate memorandum sheets of sales and appliances for conveniently preserving the same. The patent in suit relates to that system for keeping records of credit sales of merchandise and cash payments thereon and "has reference particularly to the apparatus and appliances for carrying out the system." The claims in issue are:

"12. Account-recording appliances, including a bill-holder frame, bill-holders mounted on the frame, and having pairs of apertures therein, bill-clamps mounted oppositely on both sides of the bill-holders and having members extending through the apertures to opposite sides thereof, the bill-clamps, on both sides of the bill-holders, extending from the apertures in the same direction.

"13. Account-recording appliances, including pivoted bill-holders, bill-clamps mounted on the bill-holders, tab-holders attached to the bill-clamps near the free ends thereof, and index-tabs mounted on the tab-holders."

"15. Account-recording appliances, including a bill-holder frame, bill-holders mounted on the frame and having pairs of apertures therein, bill-clamps mounted oppositely on both sides of the bill-holders and having members extending through the apertures to opposite sides thereof, and rubbing-strips, on the bill-holders in pairs on opposing holders, and co-operating one with another."

"22. In account-recording appliances, the combination, with a plurality of pivoted bill-holders, of a plurality of bill-clamps mounted on the holders, tab-holders attached to the bill-clamps, and index-tabs attached to the tab-holders."

We concur with the Court of Appeals of the Third Circuit that the patent is in no sense a pioneer; that there can be no broad range of equivalents. All that can be covered by it are such new devices as are shown and *claimed*. In defendant's device the index number, letter, or name is affixed directly to the bill-clamp. Manifestly this does not infringe claims 13 and 22. It makes no difference what combination of elements the specifications disclose, these two claims enumerate several separate elements of which one is a "tab-holder" attached to the bill-clamp and another is an "index-tab" mounted on the tab-holder. To place an indexing letter or number directly on the clamp may be just as good, or better, or worse than putting it on a tab, which may be slipped in or out of a holder, but in the one case there are two elements, in the other only one.

[2] Since the claim calls for the two elements, it cannot be infringed by a device which employs one only, where there is nothing of a pioneer character in the patentee's device. There is no claim declared on, and indeed none in the patent, which states as a single element "an indexing mark attached to the bill-holder."

The other claims, 12 and 15, do not deal with the general system of duplicate slips made out at the time of sale and deposit thereof; i. e., of the seller's duplicate, in a case. All that was prior art, developed largely by McCaskey himself. These claims are mechanical; they deal only with appliances for carrying out the system.

[3] The nearest approach to the patent in suit is McCaskey's patent 717,247. To the proposition advanced by appellant that this patent is not prior art—it was issued 18 months before his application for the patent in suit—we cannot assent. When the first patent issued, all

that it disclosed became "known by others in this country." The words of section 4886, U. S. Rev. Stat. (Comp. St. 1913, § 9430), "before his invention or discovery thereof," mean before his invention or discovery of what is shown in the particular patent then being applied for. An applicant can of course *improve* on the disclosure of his earlier patent and can patent his improvements, but he cannot give such improvements greater scope than they would have had, if he had improved another man's patented disclosure, merely because the first disclosure to the full extent of its relevation was his own. The interpretation contended for would enable a patentee to extend the term of his original patent, by patenting his subsequent improvements and having the claims which covered them construed as themselves pioneers in scope, on the ground that he was the first to disclose a pioneer invention to which the improvement claims are added. Appellant relies upon rule 75 of the Patent Office. It need not be quoted or discussed, because no administrative rule of the Patent Office can change the statute, which precludes a patentee from claiming what was "known to others" before he filed his application, even though *he* was the one who, in an earlier patent, imparted that knowledge to others. It may be noted that we have here no application which the Patent Office required to be broken up into divisions, nor any substituted or amended or supplemental application. The question is presented without any complications.

In view of the restricted character of the claims, we concur with Judge Ray that in claim 12 the "bill-holder frame" is an element and that defendant's device does not have it. As to claim 15 we concur with the Court of Appeals in the Third Circuit that "rubbing-strips" on one side of the bill-holder were shown in McCaskey's earlier patent and that placing them on the other side also does not involve invention.

The decree is affirmed, with costs.